# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSALITO VIDAL CATAULIN and VIRGINIA DELINO CATAULIN,<br><br>                              Plaintiffs,<br>   vs.<br><br>WASHINGTON MUTUAL BANK, SFB; PLAZA HOME MORTGAGE, INC., a California corporation; GMAC MORTGAGE, LLC, a Delaware limited liability company; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a suspended California corporation; and DOES 1 through 50, inclusive,<br><br>                              Defendants. | CASE NO. 08 CV 2419 JM (NLS)<br><br>**ORDER GRANTING MOTIONS TO DISMISS BY DEFENDANTS PLAZA HOME MORTGAGE, GMAC MORTGAGE, LLC, and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.**<br><br>Doc. Nos. 3 and 5 |

On October 27, 2008, Plaintiffs Rosalito Vidal Cataulin and Virginia Delino Cataulin ("Plaintiffs") filed a complaint in the Superior Court of the State of California for the County of San Diego, raising claims arising out of a mortgage loan transaction. (Doc. No. 1, Exh. 1, "Complaint.") The proceeds of the loan were used to purchase a rental property (the "Property") which is now subject to nonjudicial foreclosure. Following service of the Summons and Complaint, Defendant Plaza Home Mortgage, Inc. ("Plaza") timely removed the action to federal court on December 30, 2008. (Doc. No. 1.) On January 7, 2009, Plaza submitted a motion to dismiss under Fed.R.Civ.P.

1  ("Rule") 12(b)(6) challenging only Plaintiffs' second claim for fraud and seventh claim for
2  cancellation based thereon. ("Plaza Mot.," Doc. No. 3.) Independently, Defendants GMAC
3  Mortgage, LLC ("GMAC") and Mortgage Electronic Registration Systems, Inc. ("MERS") filed a
4  second motion to dismiss against all claims. ("GMAC Mot.," Doc. No. 5.) Plaza joined the GMAC
5  Motion by notice dated January 20, 2009.[1] (Doc. No. 6.) It does not appear Defendant Washington
6  Mutual Bank, SFB ("WaMu") has been served in this action.

7  Under the Civil Local Rules, Plaintiffs' responses to the Plaza and GMAC motions were due
8  on or before January 23, 2009 and February 6, 2009, respectively. See Civ.L.R. 7.1(e)(2). To date,
9  Plaintiffs have filed no oppositions nor sought additional time to do so. On January 29, 2009, Plaza
10 filed a reply requesting its motion be granted based on Plaintiffs' non-opposition. (Doc. No. 7.)
11 When an opposing party does not file papers in the manner required by Civ.L.R. 7.1(d)(2), the court
12 may deem the failure to "constitute a consent to the granting of a motion or other request for ruling
13 by the court." Civ.L.R. 7.1(f)(3)(c). Notwithstanding Plaintiffs' failure to respond, the court reviews
14 both motions on the merits to ensure dismissal is appropriate. Pursuant to Civ.L.R. 7.1(d), these
15 matters were taken under submission by the court without oral argument.
16 //

17 **Discussion**

18 According to the Complaint, on or about November 29, 2006, Plaintiffs were provided with
19 100% financing for the Property through two loans, the first for $524,000 by Plaza and WaMu and
20 the second for $131,000 by Plaza and GMAC. (Compl. at ¶ 14.) Although not expressly alleged, it
21 appears Plaintiffs later defaulted on the loans, leading to recordation of a Notice of Default and a
22 Notice of Trustee's Sale. (Compl. at ¶ 74.) The present status of any pending or completed sale is
23 unclear from the parties' submissions. Plaintiff alleges federal causes of action under the Racketeer
24 Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq*. ("RICO"), the Truth in Lending
25 Act, 15 U.S.C. § 1601 et seq. ("TILA"), and the Real Estate Settlement Procedures Act, 12 U.S.C. §
26 2601 et seq. ("RESPA"). Plaintiff also raises state law claims to quiet title and for fraud, negligent
27

28  [1]To the extent GMAC and MERS offer general arguments in their motion to dismiss, such arguments are construed as having been made by GMAC, MERS, and Plaza.

1 infliction of emotional distress, cancellation based on fraud and impossibility, and slander of title.
2 Plaintiff seeks injunctive relief (labeled as a "first cause of action"), damages, attorneys' fees and
3 costs, declaration that the loans and Deeds of Trust are null and void, and rescission.
4 //
5 I. Legal Standards
6     A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the pleadings. De
7 La Cruz v. Tormey, 582 F.2d 45, 48 (9th Cir. 1978). In evaluating the motion, the court must construe
8 the pleadings in the light most favorable to the plaintiff, accepting as true all material allegations in
9 the complaint and any reasonable inferences drawn therefrom. See, e.g., Broam v. Bogan, 320 F.3d
10 1023, 1028 (9th Cir. 2003). While Rule 12(b)(6) dismissal is proper only in "extraordinary" cases,
11 the complaint's "factual allegations must be enough to raise a right to relief above the speculative
12 level...." U.S. v. City of Redwood, 640 F.2d 963, 966 (9th Cir. 1981); Bell Atlantic Corp. v.
13 Twombly, 127 S.Ct. 1955, 1965 (2007) (allegations must provide "plausible grounds to infer" that
14 plaintiff is entitled to relief). The court should grant 12(b)(6) relief only if the complaint lacks either
15 a "cognizable legal theory" or facts sufficient to support a cognizable legal theory. Balistreri v.
16 Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).
17     Where a plaintiff sues multiple defendants and sets forth multiple causes of action, he "must
18 allege the basis of his claim against each defendant to satisfy Federal Rule of Civil Procedure 8(a)(2),
19 which requires a short and plain statement of the claim to put defendants on sufficient notice of the
20 allegations against them." Gauvin v. Trombatore, 682 F.Supp. 1067, 1071 (N.D.Cal. 1988). Even
21 absent other pleading deficiencies, such "confusion of which claims apply to which defendants would
22 require that the complaint be dismissed with leave to file an amended complaint." Gen-Probe, Inc.
23 v. Amoco Corp., 926 F.Supp. 948, 961 (S.D.Cal. 1996)(citing Gauvin, 682 F.Supp. at 1071.)
24 "Specific identification of the parties to the activities alleged is required...to enable the defendant[s]
25 to plead intelligently." Van Dyke Ford, Inc. v. Ford Motor Co., 399 F.Supp. 277, 284 (E.D.Wis.
26 1975).
27 //
28 II. Analysis

- 3 -        08cv2419

### A. Failure of the Pleadings to Allege Facts Sufficient to Survive a Rule 12(b)(6) Motion to Dismiss

As a first consideration, the Complaint presents almost no facts demonstrating any wrongs by particular defendants, but rather ascribes nearly all allegations collectively to "Defendants." Outside the section identifying the parties, neither GMAC nor Plaza is mentioned at all, and MERS is mentioned only as having caused both a Notice of Default a Notice of Trustee's Sale to be recorded against the Property. (Compl. at ¶¶ 73-74.) These averments are insufficient to state a claim on Plaintiffs' behalf. Further, Plaintiffs have in no way specified which *claims* are brought against which defendants for what conduct. Rather, Plaintiffs simply assert all defendants are acting in concert and therefore allege all claims indiscriminately. This "shotgun" approach does not meet the Rule 8 pleading standard. While this failing alone warrants dismissal of the Complaint, the parties' substantive arguments are addressed in the following sections.

### B. RICO and Fraud

Defendants argue Plaintiffs' fraud and RICO causes of action must be dismissed because they have not been pled sufficiently with respect to the required elements or the specific defendants. (Plaza Mot. at 5-7; GMAC Mot. at 3-4, 6.) The court agrees.

"Rule 9(b)'s particularity requirement applies to state-law causes of action." Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1103 (9th Cir. 2003). On a claim for fraud, then, a "pleading is sufficient under rule 9(b) if it identifies the *circumstances* constituting fraud so that a defendant can prepare an adequate answer from the allegations." Moore v. Kayport Package Express, Inc., 885 F.2d 531, 540 (9th Cir. 1989)(citations omitted). "While statements of the time, place and nature of the alleged fraudulent activities are sufficient, mere conclusory allegations of fraud" are not. Id. Further, Rule 9(b) requires a plaintiff to attribute particular fraudulent statements or acts to individual defendants. Id. Here, Plaintiffs have not identified any particular statements or misrepresentations or the settings in which such conduct took place, much less linked the conduct to specific defendants.

A claim under RICO must also satisfy Rule 9(b)'s particularity requirements. Moore, 885 F.2d at 541. In their RICO claim, brought under 18 U.S.C. § 1962(c), Plaintiffs allege Defendants were involved in "racketeering activity" by virtue of their allegedly collusive participation in indictable activities including mail fraud (18 U.S.C. § 1341), wire fraud (§ 1343), obstruction of justice (§ 1503),

1  obstruction of criminal investigations (§ 1510), and obstruction of State or local law enforcement (§
2  1511). See 18 U.S.C. § 1961(B).  However, Plaintiffs' Complaint is completely void of factual
3  support for these wildly broad, conclusory, and largely irrelevant statements.  "To state a claim under
4  18 U.S.C. § 1962(c), a plaintiff must allege '(1) conduct (2) of an enterprise (3) through a pattern (4)
5  of racketeering activity.'" Odom v. Microsoft Corp., 486 F.3d 541, 547 (9th Cir. 2007)(quoting
6  Sedima, S.P.R.L. v. Imprex Co., 473 U.S. 479, 496 (1985).  Citation of random statutory language
7  does not a viable claim make.  Plaintiffs' allegations do not state a claim for relief and do not meet the
8  Rule 9(b) particularity standard.

9  Plaintiffs' RICO and fraud causes of action are therefore dismissed without prejudice as to all
10 defendants.

11 *C. TILA and RESPA*

12 Plaintiffs allege Defendants failed to provide them with the required early Disclosure
13 Statement under 12 C.F.R. § 226 ("Regulation Z"), and did not properly disclose material loan terms,
14 including applicable finance charges, interest rate, and total payments as required by 15 U.S.C. §
15 1632. (Compl. at ¶¶ 52-53.)  Plaintiffs seek rescission of the mortgage loan as well as damages and
16 attorneys' fees. (Compl. at ¶ 56, p. 15.).

17 Plaintiffs' request for damages relating to improper disclosures under TILA is subject to a one-
18 year statute of limitations, typically running from the date of loan execution.  See 15 U.S.C. §1640(e)
19 (any claim under this provision must be made "within one year from the date of the occurrence of the
20 violation.").  Plaintiffs allege the loan closed on November 29, 2006. (Compl. at ¶ 12.)  The instant
21 suit was not filed until October 27, 2008, nearly two years later. (Compl. Summons.)

22 The Ninth Circuit has held equitable tolling of civil damages claims brought under TILA may
23 be appropriate "in certain circumstances," such as when a borrower lacked a reasonable opportunity
24 to discover the nondisclosures at the time of loan consummation. King v. State of California, 784 F.2d
25 910, 915 (9th Cir. 1986).  Courts then have discretion to "adjust the limitations period accordingly."
26 Id.  The applicability of equitable tolling often depends on matters outside the pleadings. Supermail
27 Cargo, Inc. v. U.S., 68 F.3d 1204, 1206 (9th Cir. 1995) (citing Cervantes v. City of San Diego, 5 F.3d
28 1273, 1276 (9th Cir. 1993).  As such, the determination "is not generally amenable to resolution on

1  a Rule 12(b)(6) motion." Id. Here, however, not only have Plaintiffs failed to state relevant facts to
2  support a TILA claim, they have not demonstrated any entitlement to equitable tolling. For these
3  reasons, Plaintiffs' claim for damages under TILA is dismissed with prejudice as to all defendants.
4       In addition, Plaintiffs' request for rescission under TILA fails as a matter of law because this
5  provision does not apply to Plaintiffs' loan. First, pursuant to Regulation Z, the right to rescind flows
6  only to transactions "in which a security interest is or will be retained or acquired in a consumer's
7  *principal* dwelling...." 12 C.F.R. § 226.23 (emphasis added). Plaintiffs allege the loan was used "to
8  purchase" the Property as a "rental investment" rather than their principal dwelling. (Compl. at ¶ 14.)
9  Further, residential mortgage transactions are excluded from TILA's rescission provisions. See 15
10 US.C. § 1635(e)(1). A "residential mortgage transaction" is defined by 15 U.S.C. § 1602(w) to
11 include "a mortgage, deed of trust, ... or equivalent consensual security interest...created...against the
12 consumer's dwelling to finance the acquisition...of such dwelling." Thus, while home equity loans
13 and refinancing transactions would be amenable to rescission, Plaintiffs' purchase money mortgage
14 for a rental property is not. (See Compl. at ¶ 14.) Plaintiffs' TILA rescission claim is therefore
15 dismissed with prejudice as to all defendants.
16      In their RESPA claim, Plaintiffs allege Defendants violated section 8(a), 12 U.S.C. § 2607(a),
17 by giving and accepting improper fees or kickbacks, by "driving up settlement costs, by failing to
18 disclose business relationships between service providers, by failing to properly follow notice of
19 transfer provisions, [and] by failing to properly inform Plaintiff about all closing costs." (Compl. at
20 ¶ 62.) Although GMAC and MERS protest the sufficiency of the allegations (GMAC Mot. at 10-11),
21 Plaintiffs' claim fails for a more basic reason – they face yet another procedural bar. Plaintiffs'
22 RESPA section 8 claim is precluded by the applicable one-year statute of limitations under 12 U.S.C.
23 § 2614 and is hereby dismissed with prejudice as to all defendants.
24   *D. Negligent Infliction of Emotional Distress*
25      "Negligent infliction of emotional distress is not an independent tort; it is the tort of negligence
26 to which the traditional elements of duty, breach of duty, causation, and damages apply." Ess v.
27 Eskaton Properties, Inc., 97 Cal.App.4th 120, 126 (2002)(citing Marlene F. v Affiliated Psychiatric
28 Med. Clinic, Inc., 48 Cal.3d 583, 588 (1989)). Defendants focus on the damages element, arguing the

1  claim should be dismissed because compensable emotional distress flows only from physical harm
2  and not from financial harm. (GMAC Mot. at 4-5.) However, California courts have merely required
3  a sufficient underlying harm, such as "interference with property rights," separate from the emotional
4  distress to mitigate against fictitious claims. See Grueunberg v. Aetna Ins. Co., 9 Cal.3d 566, 579-80
5  (1973); Crisci v. Sec. Ins. Co., 66 Cal.2d 425, 433-34 (1967)("a plaintiff who as a result of defendant's
6  tortious conduct loses his property and suffers mental distress may recover not only for pecuniary loss
7  but also for his mental distress." Plaintiffs are not precluded from recovering for emotional distress
8  merely because the underlying harm might be a harm to property.

9  Nevertheless, a plaintiff must also allege the defendants owe him a legal duty. Here, Plaintiffs
10 contend Defendants owed them a "duty to exercise due care" towards them. (Compl. at ¶¶ 29-30.)
11 Generally, barring an assumption of duty or a special relationship, "financial institutions owe no duty
12 of care to a borrower when the institution's involvement in the loan transaction does not exceed the
13 scope of its conventional role as a mere lender of money." Nymark v. Heart Fed. Sav. & Loan Ass'n,
14 231 Cal.App.3d 1089, 1096 (1991). Although California law imposes a fiduciary duty on a mortgage
15 *broker* for the benefit of the borrower, no such duty is imposed on a lender. UMET Trust v. Santa
16 Monica Med. Inv. Co., 140 Cal.App.3d 864, 872-73 (1983); Price v. Wells Fargo Bank, 213
17 Cal.App.3d 465, 476 (1989)(citing Downey v. Humphreys, 102 Cal.App.2d 323, 332 (1951))("'A debt
18 is not a trust and there is not a fiduciary relation between debtor and creditor as such.' The same
19 principle should apply with even greater clarity to the relationship between a bank and its loan
20 customers."). Plaintiffs' factual allegations indicate GMAC acted as a lender and/or loan servicer and
21 MERS acted as a trustee for the lenders. In fact, all defendants are collectively referred to as
22 "Mortgage Lenders" throughout the Complaint. Plaintiffs have not alleged any duty for GMAC or
23 MERS that has been imposed by law, assumed by the defendants, or created by a special relationship
24 with Plaintiffs. Thus, Plaintiffs' claim for negligent infliction of emotional distress is dismissed
25 without prejudice as to Defendants GMAC and MERS only.

26 *E. Quiet Title and Slander of Title*

27 Plaintiffs seek to quiet title in the property as against each defendant, and argues "[t]he
28 foreclosure of the Subject Property is wrongful and should be voided by virtue of Defendants'

1  fraudulent conduct...and by reason of the defective Deeds of Trust." (Compl. at ¶ 69-70.) In order
2  to adequately allege a cause of action to quiet title, a plaintiff's pleadings must include a description
3  of "[t]he title of the plaintiff as to which a determination...is sought and the basis of the title..." and
4  "[t]he adverse claims to the title of the plaintiff against which a determination is sought." Cal. Code
5  Civ. Proc. § 761.020. A plaintiff is required to name the "specific adverse claims" that form the basis
6  of the property dispute. See Cal. Code Civ. Proc. § 761.020, cmt. at ¶ 3. None of Plaintiffs'
7  allegations show any adverse claims; the recorded Notices do not affect Plaintiffs' title, ownership,
8  or possession in the Property. As discussed herein, Plaintiffs have not adequately alleged any
9  fraudulent conduct which might serve as a basis for the cause of action. Finally, in California, a quiet
10 title pleading must be verified through a sworn statement; Plaintiffs' Complaint is unverified. The
11 cause of action to quiet title is therefore dismissed without prejudice as to all defendants.

12     In their "slander of title" claim, Plaintiffs aver that MERS "wrongfully and without privilege"
13 caused recordation of a Notice of Default and Notice of Trustee's Sale, in violation of Cal. Civ. Code
14 § 2924. (Compl. at ¶¶ 73-74.) Slander of title is a "tortious injury to property resulting from
15 unprivileged, false, malicious publication of disparaging statements regarding the title to property
16 owned by plaintiff, to plaintiff's damage." Southcott v. Pioneer Title Co., 203 Cal.App.2d 673, 676.
17 A disparaging statement is one intended to cast doubt the existence or extent of one's interest in the
18 property. Glass v. Gulf Oil Corp., 12 Cal.App.3d 412, 423. As mentioned above, though, the
19 recorded Notices make no claim to Plaintiffs' property nor cast any doubt to their ownership.

20     Whether MERS's actions are privileged is unclear. In Kachlon v. Markowitz, 168 Cal.App.4th
21 316, 333 (2008), the court held that "section 2924 deems the statutorily required mailing, publication,
22 and and delivery of notices in nonjudicial foreclosure, and the performance of nonjudicial foreclosure
23 procedures, to be privileged communications under the qualified, common-interest privilege of [Civ.
24 Code] section 47, subdivision (c)(1)." Thus, if MERS were properly acting as the foreclosure trustee,
25 or otherwise as an agent of the beneficiary, it could claim the privilege. (See GMAC Mot. at 12-13.)
26 However, Plaintiffs suggest that MERS cannot because, as a suspended California corporation, "is not
27 qualified to do business in California." (Compl. at ¶¶ 5, 75.) MERS offers no rebuttal.

28     In the end, regardless of whether MERS's conduct was privileged, the recorded documents do

1  not qualify as disparaging statements. Thus, Plaintiffs' slander of title cause of action is dismissed
2  with prejudice as to all defendants.

3     *F. Cancellation of Deed of Trust Based on Fraud and Impossibility*

4      Plaintiffs offer that, because Defendants "fabricated and submitted falsified loan documents"
5  and because Plaintiffs "lacked ability to perform the loan," the loan contracts and Promissory Notes
6  are null and void. (Compl. at ¶ 66.) Consequently, Plaintiff asks the court to cancel the Deeds of
7  Trust. While fraudulent loan documents might provide grounds for loan cancellation, as stated above,
8  Plaintiffs' Complaint fails to meet the fraud pleading standards of Rule 9(b). Further, Plaintiffs'
9  inability to perform the obligations to which they agreed, without more, does not provide a basis for
10 cancellation of the loan. Plaintiffs' claim for cancellation is dismissed without prejudice as to all
11 defendants.

12    *G. Injunctive Relief*

13     Finally, Plaintiffs seek injunctive relief to forestall any foreclosure sale but do not offer any
14 particular supporting cause of action. A request for injunctive relief by itself does not state a cause
15 of action and is properly brought before the court as a separate motion. <u>Shamsian v. Atl. Richfield</u>
16 <u>Co.</u>, 107 Cal.App.4th 967, 984-85 (2003). Even if the court were to construe this request as derivative
17 of all other alleged causes of action, Plaintiffs would still bear the burden of showing: (1) a
18 combination of probable success and the possibility of irreparable harm, or (2) serious questions and
19 the balance of hardship tips in their favor. <u>Arcamuzi v. Continental Air Lines, Inc.</u>, 819 F.2d 935, 937
20 (9th Cir. 1987). Under either formulation, however, Plaintiffs must demonstrate a "fair chance of
21 success on the merits" and a "significant threat of irreparable injury." <u>Id.</u> As the discussion above
22 outlines, Plaintiffs have failed to demonstrate a likelihood of success on the merits and are not entitled
23 to injunctive relief based on their pleadings.

24 //

25 **Conclusion**

26    For the reasons set forth above, the motions to dismiss (Doc. Nos. 3 and 5) are **GRANTED**.
27 In particular, Plaintiffs' fraud, RICO, cancellation, quiet title, and slander of title causes of action are
28 hereby **DISMISSED** as to all defendants, without prejudice and with leave to amend. Plaintiffs'

1 | causes of action for TILA and RESPA are hereby **DISMISSED** with prejudice as to all defendants.
2 | Plaintiffs' cause of action for negligent infliction of emotional distress is hereby **DISMISSED** without
3 | prejudice as to GMAC and MERS only.
4 |     In light of the disposition of Plaintiffs' claims, Plaintiffs are granted leave to amend. Plaintiffs
5 | shall file and serve an amended complaint within 20 days of the filing of this Order.
6 | **IT IS SO ORDERED.**
7 | DATED: March 9, 2009

_____
Hon. Jeffrey T. Miller
United States District Judge