# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSALITO VIDAL CATAULIN and VIRGINIA DELINO CATAULIN,<br><br>Plaintiffs,<br><br>v.<br><br>WASHINGTON MUTUAL BANK, FSB; PLAZA HOME MORTGAGE, INC.; GMAC MORTGAGE, LLC; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO. 08 CV 2419 JM (NLS)<br><br>**ORDER:**<br><br>**1) GRANTING IN PART AND DENYING IN PART MOTION FOR INVOLUNTARY DISMISSAL AND FOR ENTRY OF JUDGMENT (Doc. No. 14);**<br><br>**2) DENYING RULE 12(b)(6) MOTION TO DISMISS (Doc. No. 14); and**<br><br>**3) TO SHOW CAUSE** |

On October 27, 2008, Plaintiffs Rosalito Vidal Cataulin and Virginia Delino Cataulin ("Plaintiffs") filed a complaint in the Superior Court of the State of California for the County of San Diego, raising a variety of state and federal claims arising out of a mortgage loan transaction. (Doc. No. 1, Exh. 1, "Complaint.") Defendant Plaza Home Mortgage, Inc. ("Plaza") removed the action to federal court on December 30, 2008. (Doc. No. 1.) Pending before the court is Plaza's motion for entry of involuntary dismissal under Federal Rule of Civil Procedure ("Rule") 41(b). (Doc. No. 14.) In the alternative, Plaza purports to file a Rule12(b)(6) motion to dismiss. (Id.) Defendants GMAC Mortgage, LLC ("GMAC") and Mortgage Electronic Registration Systems, Inc. ("MERS") joined in

1  Plaza's motion. (Doc. No. 15.)

2  To date, Plaintiffs have filed no oppositions nor have they sought additional time to do so. On May 7, 2009, Plaza filed a reply requesting its motion be granted based on Plaintiffs' apparent abandonment of the case. (Doc. No. 16.) When an opposing party does not file papers in the manner required by Civ.L.R. 7.1(d)(2), the court may deem the failure to "constitute a consent to the granting of a motion or other request for ruling by the court." Civ.L.R. 7.1(f)(3)(c). Notwithstanding Plaintiffs' failure to respond, the court reviews the motion on the merits to ensure dismissal is appropriate. Pursuant to Civ.L.R. 7.1(d), the matter was taken under submission by the court without oral argument.

## I. Procedural History

Following the removal of this case to federal court, GMAC and MERS jointly filed a Rule 12(b)(6) motion to dismiss all claims raised in Plaintiffs' Complaint. (Doc. No. 5.) Plaza joined in the GMAC/MERS motion. (Doc. No. 6.) Plaza also filed its own Rule 12(b)(6) motion to dismiss in which it argued only for dismissal of Plaintiffs' claim for fraud. (Doc. No. 3.) Even with the joinder and Plaza's independent motion, Plaza could not be understood to present arguments against every claim. In particular, certain GMAC/MERS arguments were specific to those parties and offered Plaza no relief. Ultimately, the court ruled to: (1) dismiss Plaintiffs' fraud, RICO, cancellation, quiet title, and slander of title claims without prejudice as to all defendants; (2) dismiss Plaintiffs' TILA and RESPA claims with prejudice as to all defendants; and (3) dismiss Plaintiffs' claim for negligent infliction of emotional distress without prejudice as to GMAC and MERS only. (Doc. No. 13 at 9-10.) As far as Plaza was concerned, this disposition left one viable claim in the operative complaint, that for negligent infliction of emotional distress.[1]

In its prior motion to dismiss order, the court also gave Plaintiffs a chance to revive the claims it dismissed without prejudice by granting twenty days' leave to file a first amended complaint. (Doc. No. 13 at 10.) To date, Plaintiffs have failed to submit a first amended complaint.

---

[1] The Complaint also named Defendant Washington Mutual Bank, which has not yet been served and which was not a moving party in either of the motions to dismiss. Although Plaintiffs' TILA and RESPA claims are procedurally barred, and therefore lost against Washington Mutual Bank, the operative complaint still retains the fraud, RICO, cancellation, quiet title, slander of title, and negligent infliction of emotional distress claims against Washington Mutual Bank.

1 //

## II.  Rule 41(b) Motion for Involuntary Dismissal

In the present motion, Plaza seeks a "final judgment of dismissal" under Rule 41(b).  Rule 41(b) allows a defendant to "move to dismiss the action or any claim against it" where "the plaintiff fails to prosecute or to comply with" the Rules.  (Doc. No. 14 at 5.)  The court notes the motion cites to Rule 41(b) but mixes dismissal language with language from Rule 58 for entry of judgment (e.g., "final judgment of dismissal," "final order of dismissal").  The court construes the motion as seeking both forms of relief and therefore addresses both issues below.

Plaza contends Plaintiffs' failure to file a first amended complaint constitutes a violation of a court order and warrants dismissal under Rule 41(b).  Plaintiffs' failure to amend did relinquish those claims which had been dismissed without prejudice.  However, with a claim against Plaza actually remaining from the original Complaint, Plaintiffs were under no obligation to file an amended complaint to keep the action alive against Plaza.  In fact, Plaza's proper course of action following the expiration of the amendment period would have been to file an Answer to the Complaint addressing the remaining claim.  See Fed.R.Civ.P. 12(a)(4).

Plaza also argues dismissal is warranted for lack of prosecution over a six-month period pursuant to Civil Local Rule 41.1.  (Doc. No. 14 at 5.)  In particular, Plaza notes Plaintiffs have failed to file an opposition (or a statement of non-opposition) to several dispositive motions as required by Civil Local Rule 7.1(d).  The court finds this to be an inadequate basis for dismissing the action.  First, the case has not been pending in *this* court for six months and second, dismissal under the local rule is discretionary.  Civ.L.R. 41.1 ("Actions...which have been pending in this court for more than six months, without any proceeding or discovery having been taken therein during such period...may...be dismissed by the court for want of prosecution....")  As discussed above, the prosecution ball is in Plaza's court. The Rule 41(b) motion for involuntary dismissal as to Plaza is **DENIED**.  Furthermore, with one claim remaining against Plaza, entry of judgment under Rule 58 would be premature.

For GMAC and MERS, the court's ruling on their prior motion to dismiss effectively dismissed *all* claims against them.  These parties were terminated from the case in early March.  The Rule 41(b) motion for involuntary dismissal as to GMAC and MERS is therefore **DENIED** as moot.

However, with no claims remaining, the court has denied all relief against GMAC and MERS, and these parties are entitled to entry of judgment under Rule 58. The Clerk of Court is instructed to enter judgment in favor of GMAC and MERS.

### III. Rule 12(b)(6) Motion to Dismiss

Plaza also seeks to dispose of the remaining claim against it through a Rule 12(b)(6) motion to dismiss.[2] However, as discussed above, Plaintiffs' original complaint is still operative. Plaza has already exercised its right to file a Rule 12(b)(6) motion and may not make another unless Plaintiffs file a superceding complaint. See Rule 12(g)(2) ("a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion."); see also, Am. Ass'n of Neuropathic Physicians v. Hayhurst, 227 F.3d 1104, 1107 (9th Cir. 2000). Plaza's argument that Plaintiffs fail to state a claim for negligent infliction of emotional distress was certainly available at the time the prior motion was made but Plaza declined to present it at that time. Accordingly, Plaza's Rule 12(b)(6) motion is **DENIED.**[3]

### IV. Order to Show Cause

The court observes named defendant Washington Mutual Bank has yet to be served in this matter. The court hereby **ORDERS** Plaintiffs to show cause why the action should not be dismissed as to defendant Washington Mutual Bank for failure to effect service of process pursuant to Fed. R. Civ. P. 4(m), which requires service within 120 days after the complaint is filed.

### V. Conclusion

For the reasons set forth above, the court hereby:

1) **DENIES** the motion for dismissal under Rule 41(b) as to all parties;

2) **DENIES** Plaza's motion for entry of judgment under Rule 58;

3) **GRANTS** the Rule 58 motion for entry of judgment as to GMAC and MERS; and

---

[2] Because no claims remain against GMAC or MERS, the court assumes they are not making this Rule 12(b)(6) argument.

[3] The court observes nothing in the Rules prevents Plaza from filing an Answer and thereafter filing a Rule 12(c) motion for judgment on the pleadings. See Rule 12(c) ("After the pleadings are closed–but early enough not to delay trial–a party may move for judgment on the pleadings.") Because no Answer has been filed, the court cannot construe the present motion as one for judgment on the pleadings.

1  4) **DENIES** the motion to dismiss under Rule 12(b)(6).  (Doc. No. 14.)

2      In addition, Plaintiffs shall either:  1) file with the court, in pleading format pursuant to Civil Local Rule 5.1, a response to this Order to Show Cause addressing the status of service on Washington Mutual Bank, or 2) file with the court proof of service on Washington Mutual Bank.  Plaintiffs' submission must be filed and served **no later than June 2, 2009.**  Failure to respond to this Order to Show Cause will result in dismissal of the action against Washington Mutual Bank.

    **IT IS SO ORDERED.**

DATED:  May 19, 2009

*(signature)*
Hon. Jeffrey T. Miller
United States District Judge