# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSALITO VIDAL CATAULIN and VIRGINIA DELINO CATAULIN,<br><br>                            Plaintiffs,<br>   vs.<br><br>WASHINGTON MUTUAL BANK, SFB; PLAZA HOME MORTGAGE, INC., a California corporation; GMAC MORTGAGE, LLC, a Delaware limited liability company; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a suspended California corporation; and DOES 1 through 50, inclusive,<br><br>                            Defendants. | CASE NO. 08 CV 2419 JM (NLS)<br><br>**ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS BY PLAZA HOME MORTGAGE, INC.**<br><br>Doc. No. 21 |

      On October 27, 2008, Plaintiffs Rosalito Vidal Cataulin and Virginia Delino Cataulin ("Plaintiffs") filed a complaint in the Superior Court of the State of California for the County of San Diego, raising claims arising out of a mortgage loan transaction. (Doc. No. 1, Exh. 1, "Complaint.") The proceeds of the loan were used to purchase a rental property (the "Property") which is now subject to nonjudicial foreclosure. Following service of the Summons and Complaint, Defendant Plaza Home Mortgage, Inc. ("Plaza") timely removed the action to federal court on December 30, 2008. (Doc. No. 1.) Defendant Plaza Home Mortgage, Inc. ("Plaza") filed an Answer on May 20, 2009. (Doc. No. 19.)

      Now pending before the court is Plaza's Motion for Judgment on the Pleadings pursuant to

Federal Rule of Civil Procedure ("Rule") 12(c). ("Mot.," Doc. No. 21.) Plaza also requests an entry of judgment under Rule 58. Plaintiffs have submitted neither an opposition nor a statement of non-opposition. Plaza provided its reply brief on July 2, 2009.[1] (Doc. No. 26.)

Pursuant to Civ.L.R. 7.1(d), the matter was taken under submission by the court on July 10, 2009. For the reasons set forth below, the court **GRANTS** Plaza's Motion for Judgment on the Pleadings.

## BACKGROUND

According to the Complaint, on or about November 29, 2006, Plaintiffs were provided with 100% financing for the Property through two loans, the first for $524,000 by Plaza and WaMu and the second for $131,000 by Plaza and GMAC. (Compl. at ¶ 14.) Although not expressly alleged, it appears Plaintiffs later defaulted on the loans, leading to recordation of a Notice of Default and a Notice of Trustee's Sale. (Compl. at ¶ 74.) The present status of any pending or completed sale is unclear from the parties' submissions. Against all defendants, Plaintiffs alleged federal causes of action under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.* ("RICO"), the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA"), and the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 et seq. ("RESPA"). Plaintiffs also raised state law claims to quiet title and for fraud, negligent infliction of emotional distress, cancellation based on fraud and impossibility, and slander of title. Plaintiffs sought injunctive relief (labeled as a "first cause of action"), damages, attorneys' fees and costs, and a declaration that the loans and Deeds of Trust are null and void, and rescission.

The court previously granted a motion to dismiss by Plaza, and a second motion by Defendants GMAC Mortgage, LLC ("GMAC") and Mortgage Electronic Registration Systems, Inc. ("MERS"), in which Plaza joined, resulting in the dismissal of all claims against these three defendants except for the claim for negligent infliction of emotion distress against Plaza. (Doc. No. 13.) Although Plaintiffs were granted leave to file a First Amended Complaint, they did not do so. On May 19, 2009, the court

---

[1] Plaintiffs submitted a notification of Chapter 7 bankruptcy proceedings on June 10, 2009 in an attempt to stay the hearing on this motion. (Doc. No. 24.) The court denied the request to stay without prejudice. (Doc. No. 25.) Plaza submitted a supplemental reply brief on July 8, 2009, indicating the bankruptcy matter was dismissed following Plaintiffs' failure to appear. (Doc. No. 28.)

1  granted a request by GMAC and MERS for an entry of judgment in their favor. (Doc. No. 18.)
2  Following Plaintiffs' failure to respond to an Order to Show Cause (Doc. No. 13), all claims against
3  Defendant Washington Mutual were also dismissed. (Doc. No. 23.) At this time, the only remaining
4  claim in this action is the one against Plaza which is addressed by the pending motion. (Doc. No. 21.)

## DISCUSSION

### I.  Legal Standards

A Rule 12(c) motion challenges the legal sufficiency of an opposing party's pleadings. See FRCP 12(c). As with a Rule 12(b)(6) motion, the court must assume the truthfulness of the material facts alleged in the complaint and must construe all inferences reasonably drawn from the allegations in favor of the responding party. See Gen. Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church, 887 F.2d 228, 230 (9th Cir. 1989). "Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1550 (9th Cir. 1989). Thus, judgment on the pleadings in favor of a defendant is not appropriate if the complaint raises issues of fact that, if proved, would support the plaintiff's legal theory. Gen. Conference Corp., 887 F.2d at 230.

When an opposing party does not file papers in the manner required by Civ.L.R. 7.1(d)(2), the court may deem the failure to "constitute a consent to the granting of a motion or other request for ruling by the court." Civ.L.R. 7.1(f)(3)(c). Although it is within the court's discretion to view Plaintiffs' failure to respond as acquiescence to the granting of the motion, the court reviews the motion on its merits to ensure entry of judgment is appropriate.

### II.  Analysis

"Negligent infliction of emotional distress is not an independent tort; it is the tort of negligence to which the traditional elements of duty, breach of duty, causation, and damages apply." Ess v. Eskaton Properties, Inc., 97 Cal.App.4th 120, 126 (2002)(citing Marlene F. v Affiliated Psychiatric Med. Clinic, Inc., 48 Cal.3d 583, 588 (1989)). To support the cause of action, then, Plaintiffs must allege a valid legal duty owed them by Plaza. Here, Plaintiffs contend Defendants owed them a "duty to exercise due care" towards them. (Compl. at ¶¶ 29-30.) Generally, barring an assumption of duty

1 or a special relationship, "financial institutions owe no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." <u>Nymark v. Heart Fed. Sav. & Loan Ass'n</u>, 231 Cal.App.3d 1089, 1096 (1991). Although California law imposes a fiduciary duty on a mortgage *broker* for the benefit of the borrower, no such duty is imposed on a lender or his agent. <u>UMET Trust v. Santa Monica Med. Inv. Co.</u>, 140 Cal.App.3d 864, 872-73 (1983); <u>Price v. Wells Fargo Bank</u>, 213 Cal.App.3d 465, 476 (1989)(citing <u>Downey v. Humphreys</u>, 102 Cal.App.2d 323, 332 (1951))("'A debt is not a trust and there is not a fiduciary relation between debtor and creditor as such.' The same principle should apply with even greater clarity to the relationship between a bank and its loan customers.").

Plaintiffs allege only that Plaza acted as a "Mortgage Lender." (Compl. ¶ 29.) In its motion, Plaza admits it acted not as a broker but rather as the "wholesale lender" which "funded the loans and sold/transferred the first loan to WaMu and the second loan to GMAC." (Mot. at 7.) Acting in this capacity imposed no legal duty of care on Plaza. Further, Plaintiffs have not alleged Plaza assumed any duty to act on their behalf, or that any special relationship existed between Plaza and Plaintiffs. Since Plaintiffs have failed to allege sufficient facts to support their claim for negligent infliction of emotional distress, Plaza's motion is granted.

## CONCLUSION

For the reasons set forth above, Plaza's Motion for Judgment on the Pleadings is **GRANTED**. (Doc. No. 21.) Accordingly, Plaintiffs' claim for negligent infliction of emotional distress against Plaza is **DISMISSED**. The court instructs the Clerk of Court to enter judgment in favor of Plaza. Further, as this ruling disposes of all remaining claims in the action, the Clerk of Court is also instructed to close the case file.

**IT IS SO ORDERED.**

DATED: July 13, 2009

_____
Hon. Jeffrey T. Miller
United States District Judge